**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRINCESITA TALUCOD PAHUTAN, | No. 06-75633 |
| Petitioner, | Agency No. A072-172-463 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON, District Judge.**

Princesita Talucod Pahutan ("Pahutan"), a native and citizen of the

Philippines, petitions for review of the Board of Immigration Appeals' ("BIA")

order dismissing her appeal from an immigration judge's ("IJ") decision denying

her motion to reopen on the basis of ineffective assistance of counsel. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Michael H. Watson, District Judge for the U.S. District Court for Southern Ohio, Columbus, sitting by designation.

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Pahutan's motion to reopen on the ground that she failed to show she was prejudiced by her former counsel's conduct. *See Iturribarria*, 321 F.3d at 899–90 (holding that prejudice results when the performance of counsel "was so inadequate that it may have affected the outcome of the proceedings") (internal quotation marks omitted).

Even assuming that Pahutan could demonstrate that her prior counsel was ineffective, the evidence presented in support of her motion to reopen was insufficient to establish a *prima facie* case for cancellation of removal. Although the evidence showed that Pahutan's mother is elderly and frail, the evidence also showed that she is cared for by Pahutan's brother, and, as acknowledged by Pahutan's counsel at argument, Pahutan's mother continues to live with her brother. We thus conclude that the evidence Pahutan submitted is insufficient to establish that her legal permanent resident mother would suffer "exceptional and extremely unusual hardship" should Pahutan be removed. *See* 8 U.S.C. § 1229b(b)(1)(D).

PETITION FOR REVIEW DENIED